JOHNSON, C.J.,
dissents and assigns reasons.
hi respectfully dissent. In my view, defendant, Anthony Thomas, satisfied the standard for ineffective assistance of counsel set forth by the United States Supreme Court in Strickland v. Washington.[1] I would affirm the ruling of the trial court granting defendant’s application for post-conviction relief on his claim of ineffective assistance of counsel.
This case involves a clear double jeopardy violation. The majority concedes that defense counsel’s failure to file a motion to quash based on the double jeopardy violation was due to attorney error and constituted deficient performance. The majority then goes on to find that defendant was not prejudiced by counsel’s failure to raise the double jeopardy issue because it concludes the result of the trial would not have been different, absent this error. I disagree.
In making a determination of ineffectiveness of counsel, we are required to apply the straightforward outcome-determinative analysis set forth in Strickland. Citing Lockhart v. Fretwell, the majority states that the ultimate focus of our inquiry must be on the fundamental fairness of the proceeding, and that a mere difference in |2outcome will not suffice to establish the required prejudice in some circumstances. However, the Supreme Court has made clear that cases such as Lock-hart are exceptions to the rule of Strickland. In Lockhart, the defendant was sentenced to death based on an aggravating circumstance that duplicated an element of the underlying felony. Before defendant’s trial, a federal appellate court held that such “double counting” was impermissible, but defendant’s counsel was not aware of the decision and failed to object. However, before defendant’s federal habeas corpus relief claim reached the Supreme Court, that appellate court case was overruled. Because the ineffectiveness of counsel had not deprived defendant of any substantive or procedural right to which the law entitled him, the Court concluded that, given the overriding interest in fundamental fairness, the likelihood of a different outcome attributable to an incorrect interpretation of the law should be regarded as potential windfall to the defendant, rather than the legitimate prejudice contemplated by Strickland.[2]
*1059 Another example is demonstrated by Nix v. Whiteside, which involved a claim that counsel was ineffective because he refused to present a defense based on perjured testimony. The Court concluded that the defendant could not rely on any outcome-determinative effects of perjury to make his claim. The Court explained that even if a defendant’s false testimony might have persuaded the jury to acquit him, it is not fundamentally unfair to conclude that he was not prejudiced by counsel’s interference with his intended perjury.[3]
In Williams v. Taylor,[4] the Supreme Court clarified that such cases do not justify a departure from the straightforward application of Strickland and do not | ..¡require a separate inquiry into fundamental fairness when a defendant can show their counsel was ineffective and that his ineffectiveness probably affected the outcome of the proceeding.[5] More recently, in Lafler v. Cooper,[6] the Court found an outcome determinative analysis appropriate to determine whether a defendant was prejudiced in plea negotiations, notwithstanding the fact that the defendant had no baseline entitlement to receive a plea bargain. It further rejected the argument that the failure to convey a plea offer does not introduce reasonable doubt as to the verdict of guilty reached in a subsequent trial. The Court stated that “a reliable trial may not foreclose relief when counsel has failed to assert rights that may have altered the outcome.”[7] The Court found that “prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence.” [8]
In this case, defendant seeks relief from counsel’s failure to meet a valid legal standard, not from counsel’s refusal to violate it as in Nix. Nor would counsel’s assertion of the double jeopardy defense have resulted in an undeserved windfall for defendant, as in Lockhart. Thus, I find a straightforward application of Strickland is proper. Applying that standard to the facts of this case, it is clear defendant has satisfied the prejudice prong of Strickland.
Strickland instructs that to prove prejudice, a defendant must show there is a reasonable probability that but for counsel’s errors, the result of the proceeding would have been different. In this case, when the defendant was found guilty after the first trial of attempted aggravated burglary, that verdict served as an acquittal of the 14offense of aggravated burglary. Thus, the state trying defendant again for aggravated burglary unquestionably constituted double jeopardy. Had counsel filed a motion to quash, we must assume the trial court would have granted it since defendant was clearly entitled to relief, and the state could not have tried defendant for aggravated burglary. If defendant had been tried for the next most serious offense of attempted aggravated burglary, he could not have been convicted for unauthorized entry of an inhabited dwelling because it is not a proper responsive verdict for an attempted aggravated burglary charge. Therefore, had defense counsel filed a motion to quash, raising what was clearly a meritorious double jeopardy defense, there is no doubt the *1060 outcome of the second trial would have been different.
The majority finds defendant’s prejudice argument wanting because of “the almost certain chance” defendant would have received the same habitual offender sentence of life in prison as a third offender, even if a motion to quash had been filed. This is purely speculative. I find it offensive to the criminal justice system to assume that defendant would have been convicted had he been tried on a proper charge under different circumstances, or that the state would have undoubtedly instituted habitual offender proceedings after a third trial. To conclude otherwise would essentially preconvict the defendant and deprive him of a trial on a proper charge. It is inappropriate to engage in such pure conjecture.
I also find prejudice is demonstrated by the unreliability of the outcome of the proceeding. In Price v. Georgia,[9] the Supreme Court addressed the proper remedy when a defendant is retried for a jeopardy-barred offense. Price was tried for murder and convicted of the lesser included offense of manslaughter. After that conviction was reversed on appeal, there was another trial for murder and another conviction of | Bthe lesser crime of manslaughter. The Court held that the second conviction could not stand because Price had been impliedly acquitted of murder at the first trial and could not be tried again on that charge. In so doing, the Court rejected the state’s contention that Price’s conviction on the lesser offense constituted harmless error:
The Double Jeopardy Clause, as we have noted, is cast in terms of the risk or hazard of trial and conviction, not of the ultimate legal consequences of the verdict. To be charged and to be subjected to a second trial for first-degree murder is an ordeal not to be viewed lightly. Further, and perhaps of more importance, we cannot determine whether or not the murder charge against petitioner induced the jury to find him guilty of the less serious offense of voluntary manslaughter rather than to continue to debate his innocence.[10]
Thus, in Pnce, prejudice to the defendant was presumed because of the likelihood that the conviction for manslaughter had been influenced by the trial on the more serious murder charge. The same holds true in this case. Prejudice is presumed because of the likelihood that defendant’s conviction was influenced by trial on the more serious charge.
In previously reinstating defendant’s conviction, this court recognized the state’s error in retrying defendant for aggravated burglary, but considering defendant did not file a motion to quash that proceeding, we found the verdict of unauthorized entry of an inhabited dwelling was not inherently tainted by virtue of its return in the trial of a jeopardy-barred offense. In so doing, we relied in part on Morris v. Mathews.[11] In Morris, the Supreme Court distinguished and limited Price in cases where a defendant is charged with and convicted of a jeopardy-barred offense which is later reduced on appeal. In such cases, the Court held that the proper remedy is not always to order a new trial. The Court held that when a jeopardy-barred conviction is reduced to a conviction for a lesser included offense which is not jeopardy barred, |fithe burden shifts to the defendant to demonstrate a reasonable probability that he would not have been convicted of the nonjeopardy-barred offense absent *1061 the presence of the jeopardy-barred offense. The rationale for this distinction is that when a defendant is convicted of the greater charged offense, the jury necessarily finds all the elements of the lesser-included offense. Thus, it would be incongruous always to order yet another trial as a means of curing a double jeopardy violation.[12]
While the majority relies heavily on Morris, in considering prejudice under Strickland, I find the facts of this case more in line with Price, and thus find its reasoning instructive. Defendant was tried for the jeopardy-barred offense of aggravated burglary, but found guilty of the lesser-included offense of unauthorized entry of an inhabited dwelling. As in Price, the fact that defendant was subjected to trial on a more serious charge inherently influenced the factfinder’s verdict. Counsel’s error also had consequences for defendant in terms of his sentencing exposure. Defendant was placed on trial for the more serious crime of aggravated burglary, which provides a sentence range of one to thirty years.[13] Had Mr. Thomas been properly brought to trial on a charge of attempted aggravated burglary, he would have faced a much shorter sentence range of one to fifteen years.[14] Had the state charged defendant with the offense of unauthorized entry of an inhabited dwelling, he would only have faced a sentence of one to six years.[15] I recognize defendant was tried by the court, not a jury, thus theoretically reducing the risk that the verdict was influenced by the trial on a more serious charge or the exposure to a greater sentence. However, I also note it was the same trial judge who granted defendant relief and |7found he was prejudiced by ineffective assistance of counsel under Strickland. Under these circumstances, I find counsel’s error, which subjected defendant to retrial on a more serious charge than was allowed, undermines confidence in the verdict.
For these reasons, I would affirm the ruling of the trial court.

. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

. 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

. 475 U.S. 157, 175-76, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986).

. 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

. Id. at 393, 120 S.Ct. 1495.

. — U.S.-, 132 S.Ct. 1376, 182 L.Ed.2d '398 (2012).

. 132 S.Ct. at 1381.

. Id. at 1387.

. 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970).

. 398 U.S. at 331, 90 S.Ct. 1757.

.475 U.S. 237, 245, 106 S.Ct. 1032, 1037, 89 L.Ed.2d 187 (1986).

. 475 U.S. at 247, 106 S.Ct. 1032.

. La. R.S. 14:60.

. La. R.S. 14:27(D)(3).

. La. R.S. 14:62.3(B).